is Bertels v. Farm Bureau Property & Casualty Insurance Company, No. 23-3276. Good afternoon. May it please the Court. I'm Randy Rhodes. I represent the appellant, Autumn Bertels. I would like to reserve three minutes, please. We're here asking the Court— I've noticed that. I'm not planning on honoring it. The last three times I've been here, I haven't gotten to give a rebuttal, so it's hopeful, let's put it that way. And that's also the first time I've had to say good afternoon, so it's an interesting day. Obviously, Mr. Hall and I aren't nearly as popular as the folks who argued before us, but be that as it may, we're here asking this Court to reverse and remand the summary judgment entered by the District Court in favor of the appellee, Farm Bureau. I'm going to touch on three issues today that I think are relevant to the standing issue. First, I want to talk about whether the non-claim statute can be and should be told by 60-515A. We think it can and it should. Two, I want to talk about whether there was consideration in support of the Glenn v. Fleming agreement. Third, and lastly, and subject obviously to whatever questions you may have, I want to talk about the judgment rule and why I think the District Court erred in not applying the judgment rule. And so, can I, do I understand you correctly then that you are not challenging the proposition that if the assignment was improper, that you lack standing and the court lacked jurisdiction? We believe, okay, you're accepting that proposition? No, we believe the assignment was proper. No, no, no. If, given what you're challenging, I inferred from that that you're accepting the basic proposition that if you don't win on those three issues, the court had no jurisdiction. I would agree with that. Okay, that's what I wanted to know. I'm not in dispute with that. Okay. So, with your permission, I'll turn to the non-claim statute and whether that can be told. And I would refer the court first to the Sutcliffe case, which we cited in our brief, that said, yes, in fact, the non-claim statute can be told. And I think it's interesting in that regard then to look at how Kansas courts have interpreted the non-claim statute. And a case we cited, Nelson v. Nelson, there's a handful of other cases we didn't cite, but we cited Nelson. The other cases are Union National Bank, Grinrod's Estate. You cited these in your brief on appeal. I'm sorry, sir. When you say you cited these cases, that was in your appellate brief, right? Yes, sir, it was. We raised this below. Well, one sentence? One sentence is all that you devoted to challenging the constitutionality of the claim statute. I'm not talking about the constitutionality right now, Your Honor. Okay. I'm sorry, I apologize. Well, I apologize if I was unclear, sir. No, you weren't unclear. I goofed. Okay. The point of these cases is, these cases looked at the non-claim statute and what the introductory phrase, all claims, whether that was inclusive of everything or whether there was an exception. And all of those cases held, it is inclusive unless there's a statutory exception. And that's important because in Frost v. Hardin, in a case I argued here in front of this court, Frost v. ADT, the issue was whether there were policy concerns or there were statutory reasons why 60-515A didn't apply. And in Frost v. Hardin, the Kansas Supreme Court said we can perceive no statutory reason why 60-515A should ever not apply. This court, in a case I argued, Frost v. ADT, I lost it. Not unusual for me in this court. Hopefully this case is different. That case involved a statute of limitations, a one-year statute of limitation that was in a contract, the ADT security contract. I represented the minor child of a parent who died in the fire. And we argued 60-515A told that statute of limitations for at least eight years under the terms of the statute. And this court said no, because this was a special statute of limitation that was agreed to between my client's parent and ADT, but said there's no statutory reason that we should apply 515A. Well, what does In re Woods Estate do to this issue? Yeah, In re Woods Estate is an interesting case. They carved out the infant exception. I would respectfully disagree, Judge Kelley. I don't think they carved it out, because that case involved an adult. And if you look at what In re Kelley did say, they said simply that when the statute of limitations under 515A expires, the non-claim statute can extend it even further. Okay? This is a case really of first impression with respect to whether 515A can toll the non-claim statute. And I think we have to engage in some statutory analysis here. Doesn't it matter? You just said the non-claim statute can toll another provision. Here we have sort of the inverse, right? We have the non-claim statute that would cut it off. And you're saying that there's another statute that can enlarge the period of limitations that's prescribed under the non-claim statute. So it's really the inverse of that case that you're relying on. Exactly. That's my point. Yes, sir. I think that... I don't understand how that helps you. That seems to... Well, it helps me because In re Woods dealt with an adult. And in that case, they didn't say, well, the non-claim statute can't extend. In fact, the Kansas Supreme Court said it could.  And it didn't say that the non-claim statute didn't get affected by 515A. It just said it could extend it. Here, we are in the inverse situation. And we're saying we believe, we contend, that 515A can, in fact, extend the non-claim statute because of the language in the statute itself and the policy reasons that underlie the statute. And again, case of first impression. Let me ask about the policy reasons. The reason for the non-claim statute is so you can close an estate. The money needs to be distributed to the heirs, creditors, and so on. And you're leaving that open for as much as 20 years? No, not in Kansas. Not in Kansas. How long does the minor have? Well, it depends on the claim. In any claim, but a claim involving childhood sexual abuse, there is both an extended statute, but there's also a statute of repose, 8 years. Okay. What about other cases? The only other statute that would be applicable would be the longer statute recently amended by the legislature for childhood sexual abuse. Those would be the only two timelines. I'm sorry. I'm totally misunderstanding something. I thought you were relying on the tolling statute that you think should apply to the non-claim statute.  What does the non-claim statute, the tolling statute say with respect to minors? Eight years. Okay. So, well, now I see what you're saying. It's not 20 years, it's 8 years. Correct. That's pretty tough when you're talking about an estate. That would be tough unless and until you compare it to the policy reasons underlying 515A. And, again, the Kansas Supreme Court has expressly addressed that and said we find no statutory authority, and that would include the non-claim statute that would require us not to apply 515A. And I certainly understand the commentators in the courts having an interest in the quick and expeditious resolution of states. I agree with that. But when you're dealing with a minor, it's a whole different situation. The Kansas courts have said the interest... I'm sorry, Your Honor, I didn't mean to interrupt. Well, I did interrupt you, but I wanted to get to something that I think goes to the heart of it. We have to interpret Kansas law then. How do we go about predicting what the Kansas Supreme Court would do? Are there cases in other jurisdictions that involve a non-claim statute and a tolling for minors? Well, you're allowed to interrupt me. I'm not allowed to interrupt you. You don't need to apologize. We have not cited any because I haven't found any. No cases one way or the other? One way or the other. This is a unique situation. However, Your Honor, I would refer you to another case. This court decided that I had the privilege of working on back in the early 1990s, Gardner v. Chrysler, where in that case involved was the statute in Kansas that says if I don't wear my seatbelt in a wreck and I file a lawsuit, the defendant can't say, hey, Randy, I didn't wear a seatbelt, that's comparative fault. So in the Gardner case, the plaintiff, Ms. Gardner, argued, well, it can't come in for any reason. And I had the privilege of representing Chrysler in that case for a while. And we said, well, it doesn't come in for comparative fault, but it can come in in the language of the statute for other reasons, for example, for proof of defect. And that's important here because here, the Kansas statute for minors, 515A, says except as provided in, and they list the statute for sexual abuse, for the childhood sexual abuse. This applies, this tolling provision, this 8-year provision. And under Gardner v. Chrysler, this court said, hey, when the legislature says this is the reach of the statute, that's the reach and it doesn't go any further. So in applying this statute and interpreting Kansas law, they're asking you to say, well, that prefatory clause should also include the non-claim statute. And we're saying, no, it doesn't. The legislature never intended for the non-claim statute not to be told by 515A. You've got three minutes if you briefly discuss your other two. Yes, sir. If we are correct that the non-claim statute should be told, we believe there is ample consideration to support the Glenn v. Fleming agreement. This case is unlike the candidate cases. Here, there was a lengthy negotiation between counsel for the estate and Autumn's counsel, my co-counsel, Mr. Sanders, on the terms and conditions. There were promises given. Autumn, who was not the petitioner in the estate case, agreed to pay not just the administrator's fees and expenses but any attorney's fees and expenses. Now, is that the assignment you're speaking of? I'm talking about when the estate was opened, Your Honor. Autumn was not the petitioner in that case. The statute in Kansas says the petitioner who opens up an estate can be responsible or is responsible for the fees and expenses of the estate administrator. But that was not Autumn. There's nothing in the record to say that was. So her agreeing to pay those fees and expenses in and of itself is consideration. Plus, you have to factor in the point Autumn was a minor. She could have disavowed the Glenn v. Fleming agreement when she turned 18 and she elected not to. That, too, is a decision that constitutes consideration. Lastly, on the judgment rule, the district court cited, let me make sure I get the case name right, the Schrapp case and said, well, the judgment rule really only applies in a first-party case where the insured brings a claim against the insurance company. But we've cited multiple cases in our brief that were actually the third-party situation that the district court said Schrapp didn't apply to. So I would respectfully submit, in that respect, the district court committed error. And with that, I thank you for your time. May it please the Court, Adam Hall for the Applee Farm Bureau Property Casualty Insurance Company. I think as the Court has correctly identified, the standing of the plaintiff will rise or fall with the effectiveness of the assignment which the plaintiff purported to receive of the cause of action available to the estate to sue Farm Bureau for what the plaintiff has alleged is bad faith breach of the insurance policy. The plaintiff lacks standing, however, because the contract under which the plaintiff purported to receive the assignment of the estate's cause of action lacked consideration. And there are two principal bases on which the plaintiff has contended there was consideration for the agreement, both of which demonstrate hollow or illusory promises on the part of the plaintiff to the estate, rendering the consideration invalid. The first was the plaintiff's promise not to execute on the estate's assets. I'm sorry. Sir? Please repeat that. Sure. The first was the plaintiff's promise to the estate not to execute on the estate's assets. At the time that the plaintiff's promise was made, the Kansas non-claim statute had already barred on its plain language all creditors, including the plaintiff, from removing any property from the estate. The plaintiff's second promise was to pay the estate's administrative costs. Can we talk about that more? Sure, of course. That was the main thing that President Council argued is that the tolling for minority, at least for eight years, would still apply. And Council said he hadn't seen any cases in Kansas or elsewhere that addressed that issue. Do you have any authority one way or another? Yes. We've cited a number of authorities, both primary and secondary and brief. But I think it might be of use for me to explain the harmony and policy that exists within Kansas law between both the non-claim statute and the general statutes of limitation governing the filing of civil actions in Article V of Chapter 60 of the Kansas Statutes Annotated. So the Nelson case that Judge Kelly mentioned during Appellant's argument discusses the development of Kansas' non-claim statute historically. At one point in Kansas' history, the Kansas non-claim statute had provisions which would permit its tolling for things including infancy, which would include the minority of a potential creditor. Kansas eliminated, within its own non-claim statute, any provision for tolling for minority. Kansas then adopted a code of civil procedure very similar to the federal code, including statutes of limitation. The general statute of limitation there had an exception for tolling for minority. Kansas' current non-claim statute in Chapter 59 is a harmony of those two policies. In Subsection 1 of KSA 592239, the Kansas legislature sets forth the general rule. That rule is any claim not brought within six months of the death of a decedent will be barred and no estate asset may be taken by that creditor. Subsection 2 offers a refinement, a compromise, a specific policy set forth by the Kansas legislature to harmonize its general rules of statutes of limitation within Chapter 60, along with its non-claim purpose. So I think, as mentioned previously by this Court, there is a legitimate function, mentioned in several cases cited by both parties, a legitimate governmental purpose by the state to close estates on a relatively swift basis. A competing policy would be one that would disadvantage minors who are victims of tort at some time during their minority and otherwise to allow individuals to recover from insurance policies that may have been held by the decedent after their death. In that instance, the policy of the sort of probate policy, which is we want to get the decedent's assets determined and distributed to beneficiaries, is not really implicated because the insurance proceeds are not really funds which are belonging to the estate which could be distributed to beneficiaries. Instead, they're funds that might be available to a potential creditor. You say they're not part of the estate. The funds are not part of the estate. That's correct. So subsection 2 of KSA 592239, its synthesis, its compromise, its expression of policy is that the Kansas legislature maintains the general six-month non-claim period for all claims made against estate assets with the exception that any claim may be brought within the general statutory limitation period against a personal representative of the estate and that the sort of effect of the enforcement of that claim cannot affect the distribution of the assets of the estate. That is another way of saying you can get the insurance proceeds which don't really service the policy of getting an estate closed quickly, but can compensate creditors who may have been injured by the decedent during the period of their lifetime on the same basis as you might have during the lifetime of that decedent, meaning within the general statutory limitation period set forth within Article V of Chapter 60. So the tolling provision of KSA 6515A would apply to the general period of time available to a minor to bring a claim against an estate but the only thing they could recover from that estate, the personal representative, would be the insurance proceeds. Now, Subsection 2 specifies that nonetheless if you bring such a claim within the six-month non-claim period, you can recover not only the insurance proceeds. This, of course, is by implication. It doesn't expressly state this. You could recover not only the insurance proceeds but potentially an asset of the estate. But the timeline in this case demonstrates that that's simply not the scenario before the court. The scenario before the court is no estate was even opened until well after the non-claim period had passed and the only purpose for opening an estate in this case was to then sue the estate's personal representative. So this is not a situation where an estate was opened for the determination, marshalling, and distribution of estate assets to beneficiaries. Its sole purpose was to open an estate, assign a personal representative for the purpose of being sued and to obtain a recovery against that individual. Part of what you had just said, as I understand it, I want to make sure I get it right, is that if the general statute of limitations would otherwise expire sometime within that six-month period of the non-claim statute, the statute of limitations would be told until the end of that six-month period. Is that right or wrong? I actually have not endeavored to answer that question. And I think I may have confused Your Honor. So let me go back to that. Well, that's okay. My purpose in expressing that policy, which is indicated in one of the secondary sources, several of the secondary sources cited, including the Kansas Probate Administration Handbook, is just to point out that the legislature has wrestled with this question, or so it appears from the plain language of these statutes when they are read together, which I think is essential to a complete understanding of their purposes. In order to effectuate the legislative purpose of closing an estate and claims on the estate within six months, the legislature has the general rule of the non-claim statute. The legislature has established in Subsection 2 an exception to that non-claims rule, but that exception is limited. It allows a recovery by a claimant against the estate of insurance proceeds, but does not allow a recovery against any of the estate's assets unless that claimant also filed their action against the estate within the non-claim period, in which case there could be a recovery of both insurance proceeds and estate assets. Here, while the plaintiff could take advantage of the tolling provision for the purpose of the general statute of limitation within Chapter 60, within the civil statute, there is no tolling statute for the non-claims, for 59-2239, and in addition to the general harmony, the general sense and policy which has been expressed by the Kansas legislature, which can be seen when reading those statutes together, the fact that the Kansas legislature specifically struck its own exception for infancy to the non-claim statute further supports that interpretation of Kansas law and should be the interpretation adopted by this court. The second promise that the plaintiff made to the estate is also an empty one. The plaintiff's promise to pay the estate's administrative costs and attorney's fees is empty because Kansas law already required that the petitioner pay any costs associated with the opening of an estate under those specific circumstances contemplated at KSA 59-2239, subsection 2. What's important is the remainder, is that rule, petitioner pays costs, connected with the ordinary rule that exists under Kansas probate law elsewhere. So normally, in Kansas, when a petitioner opens an estate, the person paying all costs associated with the state administration and costs under our probate code includes attorney's fees for the petitioner's counsel. The ordinary rule is that the estate pays those costs, but in the context of an estate opened by a creditor pursuant to 59-2239, subsection 2, we know that the legislature's policy at this point is, no, we're not going to allow you to take any further assets of the estate, and we know that that estate is being opened just for the purpose of establishing a defendant which may be sued by a creditor in connection with a tort claim. We require that that creditor petitioning to open the estate for that purpose pay the cost associated with the administration of that estate. He says that Autumn isn't the petitioner. What's your response to that? Well, if the court reviews the pretrial order and the party's stipulation of facts, it does not say that Autumn was the petitioner. It does, however, say that Steve Sanders represented the family, and that Sanders is the one who opened the estate. I don't think there's any reasonable inference to be drawn other than a person who either, who was Autumn's agent is the petitioner who otherwise would be required by Kansas law to pay the costs associated with the opening of the administration, including the attorney's fees which had been incurred and which Autumn, I'm sorry, the plaintiff is claiming would constitute consideration for the contract. With those two promises... The facts you just recited, you say that's in the stipulated facts or the findings? Yeah, it's in the stipulated facts of the parties within the pretrial order. So if they put in for a dollar and other valuable consideration and then went on with the assignment as it did, they'd be standing? If consideration had been exchanged between the parties as defined... Well, I mean, if they said for one dollar and other valuable consideration, that would cover it, wouldn't it? Potentially, yes. And consideration under Kansas law is a little more complicated than that and certainly it would presume consideration under that circumstance. Does the Granados case have any bearing on this case at all? Not on the question of standing. No, no, I know, yeah. I'm switching gears. In Granados, the Kansas Supreme Court recently declared that the duties owed between insurer and insured, or rather, the duties owed by insurer to insured, are much broader than had been previously suggested by Kansas law. The Kansas Court of Appeals and the Supreme Court and some of the decisions of this court suggested very discrete duties, like a duty to initiate settlement. And the Kansas Supreme Court in Granados, as I understand it, said, it's a broad duty, it's a duty of good faith, it's a duty of reasonableness, that can include extending settlement, but maybe not. Largely relegating to fact issues those issues which could previously be resolved legally. But I don't see the application to what I think is the issue this court is deciding related to standing. I don't see application of Granados. Okay, thank you. If there are no other questions, I would ask the court to affirm the district court and determine that the plaintiff lacks standing. Thank you, counsel. Sorry, 59 seconds, I won't be long. I want to agree with something Mr. Hall said when he said the legislature has reckoned with this issue. And I'm going to agree, but for a different reason. I'm going to agree because the legislature is presumed to know that the non-claim statute was on the books, it has been in Kansas since 1939. Section 60-515A didn't go into effect until 1963, and in 1992 it was amended in the prefatory clause. It says, except as provided in KSA 60-523, and then the statute appears. Had the legislature in Kansas intended the non-claim statute to apply to 60-515A, it would have added the non-claim statute after it added section 60-523. So I agree, the legislature has spoken on it, and that's why the court should reverse and remand for a new trial. Thank you. Thank you, counsel. Thank you, counsel. Counsel are excused. Case is submitted.